[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, Don W. Montgomery, appeals from a judgment of the Allen County Court of Common Pleas granting the summary judgment motion of plaintiff-appellee, Breezewood Limited Partnership ("Breezewood"), and denying Montgomery's motion for summary judgment.
On January 13, 1995, Montgomery, as the seller, and Thomas Romano, as the purchaser, entered into a "Real Estate Purchase Agreement" with respect to certain real property. The portion of the agreement covering a purchase price provided that "[t]he purchase price for the property shall be $305,000, but said price is subject to all of the terms and conditions herein contained." It further provided Romano was to pay a sum of cash at closing with the balance of $145,000 evidenced by a note and second mortgage. Moreover, it contained a provision stating that the "principal balance of the note shall be discharged by the Purchaser paying the Seller the sum of 30% of the sale of the price of each lot in the subdivision upon closing and sale of such lots."
There was an addendum to the Real Estate Purchase Agreement signed on May 15, 1995, which stated that all the terms of the original contract, except as therein specifically modified, were to be incorporated and reaffirmed by the parties. This addendum gave Romano additional time to complete his contractual obligations and also provided that "Seller's participation in the sale price of lots shall specifically include all lots in the subdivision through lot 45, excluding Purchaser's personal lot, and shall include property outside the subdivision as currently proposed * * *."
On September 12, 1995, Romano and Montgomery executed another agreement, which Romano also signed on behalf of Breezewood as the apparent assignee. The agreement contained the following language:
 This agreement is being executed to restate the terms and conditions regarding payment of a portion of the sale proceeds of each lot as payment to Montgomery under [the January 13, 1995 Real Estate Purchase Agreement]. This agreement is not to amend or alter the previous agreement between the parties in any way, but merely to restate that agreement and recite that said agreement shall survive the real estate closing of this transaction and that the obligation of the parties contained in that agreement continue until they are completed in full.
On the following day, the real estate purchase was closed between Breezewood and Montgomery. Breezewood is the developer of the subdivision, Breezewood Estates, to be developed on the real estate purchased from Montgomery. Thereafter, in July 1997, Breezewood commenced this action for a declaratory judgment requesting the trial court to construe the language of the three related agreements. Specifically, Breezewood's complaint sought a determination regarding its payment obligations to Montgomery under these agreements.
Both parties filed motions for summary judgment. The trial court granted Breezewood's motion and denied Montgomery's motion. The court found that the agreement was clear and unambiguous and held that the purchase price for the subject real estate was established at $305,000, with $160,000 to have been paid at closing. The court also held that the balance of the purchase price, $145,000, was to be paid as follows: "the purchaser is to pay the seller the sum of 30% of the sale price of each lot in the subdivision upon closing and sale of such lots."
Montgomery now appeals from the trial court's decision and raises the following two assignments of error:
 The trial court erred in sustaining the plaintiff's motion for summary judgment when genuine issues of material fact existed.
 The trial court erred in overruling the defendant's motion for summary judgment.
Summary judgment is proper if there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach only an adverse conclusion to the party opposing the motion, construing the evidence most strongly in his favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). On appeal, Montgomery claims that under the agreements Breezewood was to pay him a percentage of the sale price of each lot in the subdivision.
When the terms of a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. Shifrin v. ForestCity Enterprises (1992), 64 Ohio St.3d 635, 638. In this case, the contract language as to payment after closing is unambiguous. The Real Estate Purchase Agreement provided for a purchase price of $305,000. It is further apparent in the document that the percentage clause applied then to the principal balance of $145,000 and simply provided when principal payments would be made and the amount thereof. Moreover, such contract language was not changed by the two subsequent agreements. Therefore, we find that summary judgment was properly granted by the trial court in favor of Breezewood on its complaint for declaratory judgment.
Accordingly, both of Montgomery's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT and HADLEY, JJ., concur.